UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARMANDO STUART, | CASE NO. 2:26-cv-01083-LK |
| Plaintiff, | ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION |
| v. | |
| SHORELINE COMMUNITY COLLEGE et al., | |
| Defendants. | |

This matter comes before the Court on Plaintiff Armando Stuart's Motion for Temporary Restraining Order and Preliminary Injunction. Dkt. No. 2. For the reasons set forth below, the Court denies the motion.

## I.    BACKGROUND

Plaintiff Armando Stuart is a student at Shoreline Community College participating in a "state-approved Worker Retraining Program." Dkt. No. 5 at 3. He contends that after his "highly sensitive, protected communicable medical status was unlawfully disclosed in the classroom setting," Defendants retaliated against him and subjected him to a "bad-faith administrative

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 1

labyrinth designed to force him out of [the] workforce training program and jeopardize his Washington Employment Security Department (ESD) Training Benefits." *Id.* at 2. He filed his proposed complaint on March 27, 2025, Dkt. No. 1-1, alongside this motion for emergency injunctive relief, Dkt. No. 2. Magistrate Judge Brian A. Tsuchida granted his motion to proceed in forma pauperis, Dkt. Nos. 1, 4, and the clerk filed his complaint, Dkt. No. 5.

## II.   DISCUSSION

The Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331 because Stuart bring claims under 42 U.S.C. § 1983, the Americans with Disabilities Act, and the Rehabilitation Act. Dkt. No. 5 at 2, 8–9.

"Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1). The Court may issue a temporary restraining order without notice to the adverse party *only if* two conditions are met: (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (2) the movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Even assuming without deciding that (1) Stuart's muddled allegations have stated a claim upon which relief can be granted and that (2) Stuart has satisfied the first condition, he did not meet the second of these conditions. *See generally* Dkt. Nos. 1, 2. And "[u]nless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied," then "the moving party must serve all motion papers on the opposing party, by electronic means if available, before or contemporaneously with the filing of the motion and include a certificate of service with the motion." LCR 65(b)(1). Stuart's filings do not show that he has given any of the Defendants notice of this motion, or that he served the motion on any

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 2

of them before or contemporaneously with the filing of this motion. The Court denies the motion for that reason.

Stuart's delay in bringing this action also undermines his request for emergency relief on an ex parte basis. His complaint contends that Defendants engaged in wrongful conduct beginning in October 2025 and throughout the fall and winter of the 2025–26 school year. Dkt. No. 5 at 4–5. On March 6, 2026, Defendants allegedly "weaponized [Stuart's] enrollment status, threatening the suspension of [his] Washington Employment Security Department (ESD) Training Benefits," which "constituted a direct attempt to financially starve Plaintiff out of the institution for opposing discriminatory conduct." *Id.* at 5; *see also* Dkt. No. 2-2 at 1.[1] However, Stuart waited three weeks, until March 27, to file this motion for a TRO, in which he argues that the matter is an emergency warranting immediate relief because he faces an April 1 deadline to pay his spring 2026 tuition. Dkt. No. 2 at 4.[2] "Parties facing the threat of immediate and irreparable harm generally seek a temporary restraining order as quickly as possible." *Lee v. Haj*, No. 1:16-cv-00008-DAD-SAB, 2016 WL 8738428, at *2 (E.D. Cal. Feb. 22, 2016). Delays of one month or more are common grounds for denying motions for temporary restraining orders, and some courts deny temporary relief based on delays of as little as ten days. *See, e.g.*, *Perez v. City of Petaluma*, No. 21-cv-06190-JST, 2021 WL 3934327, at *1 (N.D. Cal. Aug. 13, 2021) (one-month delay); *Devashayam v. DMB Cap. Grp.*, No. 3:17-cv-02095-BEN-WVG, 2017 WL 6547897, at *4 (S.D. Cal. Dec. 20, 2017)

---

[1] Stuart's declaration filed in support of this motion is improperly signed. Pro se litigants may not use an "s/ [Name]" signature to "authenticate a statement made under penalty of perjury" such as a declaration. LCR 11(a)(6)(A)(iii); *see also* Dkt. No. 3 (notice of filing deficiency noting the improper signature). Because Stuart is proceeding pro se, the Court has considered the improperly signed declaration for purposes of this motion.

[2] Stuart also vaguely argues that "[t]he harm escalated to an absolute emergency on March 26," when an academic advisor "attempted to constructively discharge [him]," and the Title IX/EEO Coordinator "issued a written ultimatum conditioning [Stuart's] access to his own evidentiary records on the waiver of his federal FERPA rights, while demonstrating deliberate indifference to actual notice of [Stuart's] statutorily protected Address Confidentiality Program status." Dkt. No. 2 at 3. The exhibits to which he cites either are nonexistent (exhibits H-1 and H-2), self-serving documents drafted by Stuart himself, or provide no support for these assertions—instead contradicting them. *See* Dkt. No. 2-1 at 4–8, 11–13.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 3

(one-month delay); *Lee*, 2016 WL 8738428, at *2 (one-month delay); *Altman v. Cnty. of Santa Clara*, No. 4:20-cv-02180-JST, ECF No. 22 at 2 (N.D. Cal. Apr. 10, 2020) (ten-day delay). In light of Stuart's delay in filing this motion, the Court finds that he is not entitled to emergency relief, let alone without notice to Defendants.

### III.   CONCLUSION

For the reasons explained above, the Court DENIES Stuart's motion for a temporary restraining order and preliminary injunction. Dkt. No. 2.

Dated this 31st day of March, 2026.

Lauren King
United States District Judge

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION - 4