UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARMANDO STUART,<br><br>                    Plaintiff,<br><br>        v.<br><br>SHORELINE COMMUNITY COLLEGE et al.,<br><br>                    Defendants. | CASE NO. 2:26-cv-01083-LK<br><br>ORDER REGARDING SECTION 455 NOTICE |

This matter comes before the Court on Plaintiff Armando Stuart's Notice of Compliance with Standing Order Regarding 28 U.S.C. § 455(b)(2). Dkt. No. 30. For the reasons set forth below, the Court finds that even liberally construing the Notice as a motion to recuse, there is no basis to recuse.

## I.    BACKGROUND

Pro se Plaintiff Armando Stuart is a student in the Medical Laboratory Technology ("MLT") program at Shoreline Community College ("SCC"). Dkt. No. 12 at 3, 5. In his amended complaint, he contends that Defendants violated Title II of the American with Disabilities Act and

ORDER REGARDING SECTION 455 NOTICE - 1

Section 504 of the Rehabilitation Act by engaging in a Zoom "screening" call with him and blocking him from daytime coursework. *Id.* at 6, 11. He also alleges that Defendants violated his Fourteenth Amendment due process rights by depriving him of property when they "blockaded [him] from his coursework." *Id.* at 11–12. In addition, Stuart contends that SCC retaliated against him in violation of the First Amendment by "fabricat[ing] a fraudulent financial debt," issuing a disciplinary threat, "rerouting [his] record demands to a GovQA portal," and conducting a deliberately deficient investigation of his complaints. *Id.* at 12–13. Finally, Stuart contends that SCC deprived him of his Fourteenth Amendment right to "informational privacy" by subjecting him to the Zoom call. *Id.* at 13.

On May 7, 2026, the Court issued its Standing Order Regarding 28 U.S.C. § 455(b)(2) and Canon 3(C)(1)(b) of the Code of Conduct for United States Judges. Dkt. No. 20. That Order directed the parties to notify the Court "if any lawyer at the below-listed law firms (including lawyers who subsequently departed the subject firm) served as a lawyer concerning the above-captioned matter, or concerning any materially related matter," during these dates:

- Foster Garvey PC (formerly Foster Pepper PLLC) between March 2012 and December 3, 2021
- Byrnes Keller Cromwell LLP between January 2010 and March 2012
- K&L Gates LLP (formerly Preston Gates & Ellis LLP) between May 2006 and December 2009

*Id.* at 1. The Order further stated that "[i]f, to the best of the parties' knowledge, no lawyer at the above-listed firms served as counsel in this case or any materially related matter during the above-listed dates, no response to this Standing Order is required." *Id.* at 1–2. However, if notice was required, it had to be filed "within seven days of receipt of [the] Order." *Id.* at 2. On June 4, 2026, Stuart filed this Notice. Dkt. No. 30.

ORDER REGARDING SECTION 455 NOTICE - 2

## II.   DISCUSSION

Stuart did not caption or style the Notice as a motion to recuse pursuant to Local Civil Rule 3(f) or 28 U.S.C. § 455, and he states that he "does not file a formal motion for disqualification at this juncture, deferring entirely to the Court's *sua sponte* review under the strict-liability parameters of 28 U.S.C. § 455(b)(2)." *Id.* at 2.  However, because Stuart is proceeding pro se, the filing could be liberally construed as a motion to recuse or a suggestion that the Court must do so.

Under the Local Civil Rules of this Court, whenever a motion to recuse is filed pursuant to 28 U.S.C. § 455, "the challenged judge will review the motion papers and decide whether to recuse voluntarily." LCR 3(f). If the challenged judge decides not to recuse, "he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." *Id*. The substantive standard for recusal under 28 U.S.C. § 455 is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). "The reasonable person is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer." *Id.* (citation modified).

Canon 3(C)(1)(b) of the Code of Conduct for United States Judges states, in relevant part, that a judge should recuse herself if she "served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge or lawyer has been a material witness[.]" Guide to Judicial Policy, Ch. 2: Code of Conduct for United States Judges, https://www.uscourts.gov/file/25752/download (last visited June 22, 2026). Stuart contends that "the procurement, architecture, and administrative control of the ctcLink system constitute a material 'matter in controversy'" in this matter. Dkt. No. 30 at 2–3. Among other things, he contends that Foster Garvey, PC, the firm where the undersigned worked between March 2012

ORDER REGARDING SECTION 455 NOTICE - 3

and December 3, 2021, "served as disclosure and bond counsel—a role requiring deep systemic due diligence into operational viability and risk management—for the specific database infrastructure (ctcLink) that Plaintiff alleges was weaponized by Defendants[.]" *Id.* at 4. According to Stuart, a "forensic audit of public procurement, municipal financing, and state governance records reveals that during the presiding judge's tenure as a partner and Executive Committee member at Foster Garvey PC, the firm served as embedded institutional, bond, and disclosure counsel for the Washington State Board for Community and Technical Colleges (SBCTC) and Shoreline Community College (SCC)." *Id.* at 3. Specifically, he asserts that two Principals with Foster Garvey, PC served in 2017 as "Disclosure Counsel to the State of Washington regarding the issuance of Certificates of Participation (COPs)," and "the Official Statement for these 2017 COPs explicitly confirms that the funds were utilized to finance the deployment and integration of the exact ctcLink database system central to this litigation." *Id.*; *see also* Dkt. No. 30-1 (State of Washington, Certificates of Participation, Series 2017A). Stuart argues that "[s]hould Defendants assert that Foster Garvey PC's representation of the SBCTC is legally distinct from Shoreline Community College, the administrative record confirms a structural fusion between the entities." Dkt. No. 30 at 4. Neither the State of Washington nor the SBCTC are parties to this litigation.

Stuart's convoluted allegations do not show that any attorneys at Foster Garvey worked on this matter or on a materially related matter at all, let alone that they did so while the undersigned judge was associated with the firm. Stuart's reference to the ctcLink system does not change that reality. His amended complaint contains a single reference to the ctcLink system, contending that Defendant Joyce Fagel executed an "authorized, manual ctcLink schedule override" to register Stuart for an evening class at SCC. Dkt. No. 12 at 7. Defendants have averred that Fagel enrolled Stuart in the class because "there were no other open sections" and "Stuart had agreed and decided on all class times, thereby undermining his claim that he was involuntarily reassigned" to that

ORDER REGARDING SECTION 455 NOTICE - 4

class. Dkt. No. 26 at 4. Therefore, the dispute is not about the ctcLink system itself; the dispute centers on whether Defendants wrongfully enrolled Stuart in the class. Stuart cannot manufacture a conflict of interest by mischaracterizing his claims.

Stuart also contends that in 2012, "the former Managing Partner and Chair of the Executive Committee of Foster Pepper PLLC[] was appointed to the Shoreline Community College Board of Trustees," so he "exercised fiduciary and executive policymaking authority over [SCC]." Dkt. No. 30 at 3. Stuart does not show that that years-ago appointment concerns a matter materially related to this one or that it implicates any of the circumstances in 28 U.S.C. § 455(b)(2) or Canon 3(C)(1)(b) of the Code of Conduct for United States Judges. *See* Dkt. No. 12 at 5–10 (alleging wrongdoing in this case based on events beginning in December 2025).

The timing of the Notice also casts doubt on Stuart's motivation. Stuart did not file his Notice within seven days as required by the Court's Order, despite being registered for e-filing. Dkt. No. 7; Dkt. No. 20 at 2. Instead, the belated filing of his Notice—after the deadline to do so, and after the Court denied his motions, Dkt. Nos. 6, 9, 29—suggests that he is improperly engaging in judge-shopping. However, "[t]he recusal statute does not provide a vehicle for parties to shop among judges" after the presiding judge has issued an unfavorable ruling. *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, 839 F.2d 1296, 1302 (8th Cir. 1988); *see Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion"); *King v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 16 F.3d 992, 993 (9th Cir. 1994).

### III.  CONCLUSION

Because none of the conditions for recusal laid out in 28 U.S.C. § 455 are met, there is no basis to find that the undersigned judge's impartiality might reasonably be questioned or to find that there is an appearance of bias in this case, and the undersigned judge declines to recuse herself.

ORDER REGARDING SECTION 455 NOTICE - 5

The undersigned judge DIRECTS the Clerk to refer the Notice to Chief Judge Estudillo in accordance with Local Civil Rule 3(f).

Dated this 23rd day of June, 2026.

Lauren King
United States District Judge

ORDER REGARDING SECTION 455 NOTICE - 6