UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ARMANDO STUART, | CASE NO. 2:26-cv-01083-LK |
| Plaintiff, | ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO 35) |
| v. | |
| SHORELINE COMMUNITY COLLEGE et al., | |
| Defendants. | |

This matter comes before the Court on the Honorable Lauren King's denial (Dkt. No. 35) of Plaintiff's motion[1] seeking her recusal (Dkt. No. 30). Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, they "will direct the

---

[1] Plaintiff filed a "Notice of Compliance with Standing Order Regarding 28 U.S.C. § 445(b)(2)", which Judge King liberally construed as a motion to recuse. (Dkt. No. 35 at 3.) This Court will do the same.

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO 35) - 1

clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge King's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal bias or prejudice against a party. 28 U.S.C. § 455(a), (b)(1). Such bias or prejudice must derive from an extrajudicial source. *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, No. 18-16553, 2022 WL 501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Under both 28 U.S.C. § 144 and § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992). The reasonable person is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer." *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008).

A judge also must recuse herself if she "served as lawyer in the matter in controversy, or a lawyer with whom [she] previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it." 28 U.S.C. § 455(b)(2). Plaintiff seems to argue that Judge King is not impartial because of her previous employment at Foster Garvey P.C., which Plaintiff alleges has "served as embedded institutional, bond, and disclosure counsel for the Washington State Board for Community and Technical Colleges (SBCTC) and Shoreline Community College (SCC)." (Dkt. No. 30 at 3.) "[T]he recusal requirement is triggered only if the judge's former firm represented a party to *this*

*litigation* in the same or a related matter during the time the judge was associated with it." *United States v. Mosesian*, 972 F.2d 1346, *3 (9th Cir. 1992) (emphasis in original).  This means, a judge is prohibited "from hearing a case where [they] previously served as a lawyer in the matter or where a partner or associate during any prior period of practice served as a lawyer on the matter during the judge's association with him or her."  *Id.*; *see* 28 U.S.C. § 455(b)(2).

Plaintiff does not plausibly allege that any attorney at Foster Garvey, PC worked on *this* matter or on a materially related matter, or did so during the time Judge King was associated with the firm.  Plaintiff alleges that two Principals at Foster Garvey, PC served as disclosure counsel to the State of Washington "regarding the issuances of Certificates of Participation" and that in 2012, the former Managing Partner and Chair of the Executive Committee of Foster Pepper PLLC was appointed to the Shoreline Community College Board of Trustees.  (Dkt. Nos. 30 at 3; 30-1.)  However, as Judge King points out, neither the State of Washington nor SBCTC are parties to this litigation.  (Dkt. No. 35 at 4.)  Therefore, recusal is not required.

The Court finds no evidence that would lead a reasonable person to question Judge King's impartiality.  Accordingly, the Court AFFIRMS Judge King's denial (Dkt. No. 35) of Plaintiff's motions for recusal (Dkt. No. 30.)

Dated this 30th day of June, 2026.

David G. Estudillo
United States District Judge

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO 35) - 3