UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARMANDO STUART,<br><br>Plaintiff,<br>v.<br><br>SHORELINE COMMUNITY COLLEGE et al.,<br><br>Defendants. | CASE NO. 2:26-cv-01083-LK<br><br>ORDER GRANTING MOTION TO EXTEND SERVICE DEADLINE AND DENYING MOTION FOR SERVICE |

This matter comes before the Court on pro se Plaintiff Armando Stuart's Motion for Limited Extension of Docket 60 Service Deadline, Dkt. No. 64, and Motion for Court-Directed Marshal Service, Dkt. No. 65. For the reasons stated below, the Court grants the motion to extend the service deadline and denies the motion for service by the U.S. Marshals.

Stuart "moves under Federal Rule of Civil Procedure 4(c)(3), 28 U.S.C. § 1915(d), Federal Rule of Civil Procedure 7(b)(1), and LCR 4(c) for an order directing the United States Marshals Service to serve each existing defendant with that defendant's issued summons and the complete operative First Amended Complaint." *Id.* at 1. He avers that on September 16, 2026, he emailed

Defendants' counsel and asked for Defendants' "prompt cooperation in completing service[.]" Dkt. No. 65-4 at 2; Dkt. No. 66 at 2. Without awaiting a response, Stuart filed these motions the next day. Dkt. Nos. 64, 65. Defendants oppose Stuart's motion because in response to Stuart's email, their counsel offered to work with Stuart on the waiver process and to extend the service deadline, but he did not respond to that offer. Dkt. No. 69 at 2–3. Specifically, on September 22, 2026, Defendants' counsel Jacob Gellman wrote to Stuart and stated that he was "authorized to receive requests for waiver of service for the individual defendants." Dkt. No. 68-2 at 2. Gellman also provided the email address for Stuart to send requests for waivers to Shoreline Community College and the Defendants in their official capacities. *Id.* Gellman also stated that "Defendants will agree to a stipulated motion asking the Court [to extend] the September 30, 2026 deadline until October 30, 2026, contingent upon your sending the requests for waivers of service prior to September 30, 2026, to ensure that defendants have the minimum of 30 days to return[] the waivers of service as provided for under FRCP 4(d)(1)(F)." *Id.* Despite receiving three emails from defense counsel on this matter, Stuart did not respond. Dkt. No. 70 at 2; Dkt. No. 68-1 at 2; Dkt. No. 68-2 at 2. In his reply brief, he asks the Court to order "Marshal service" because the Court's "prospective order would supply a clear directive." Dkt. No. 71 at 2.

The Court denies Stuart's motion for service by the Marshals as unnecessary: Defendants' counsel has already agreed to accept service of waivers for the individual Defendants and specifically told Stuart how to request waivers from the other Defendants by emailing the requests to the email address provided. Dkt. No. 68-2 at 2. Moreover, as the Court previously informed Stuart, Dkt. No. 63, "the United States Marshals Service is relieved from any and all civil process serving responsibilities within this district on behalf of private litigants" absent a court order or a request from a private litigant; per Local Civil Rule 4(c), "[p]rivate litigants are encouraged to seek a waiver of service as provided by Federal Rule of Civil Procedure 4 before seeking such an order."

*See also* Wright & Miller, 4A Fed. Prac. & Proc. Civ. § 1090 (4th ed.) ("[B]efore requesting service by a marshal, the plaintiff should first attempt to make service by some other means provided for in the rule; only when this proves unfeasible should the plaintiff request that the district court direct a marshal to serve the summons and complaint."); *id.* & n.3 (noting that plaintiff should first request that defendants waive service to reduce the burden on the Marshals). Given that Stuart sought and obtained direction from Defendants about how to request waivers, Dkt. No. 68-2 at 2–4, the Court directs him to follow through on that process first and request waivers before asking the Court to order service.[1] Accordingly, the Court denies without prejudice Stuart's request for service by the Marshals.

Stuart also asks the Court to extend the service deadline through October 30, 2026. Dkt. No. 64 at 1. Defendants filed a statement of non-opposition to that motion. Dkt. No. 67. In light of Defendants' non-opposition, the Court grants this motion. Before Stuart seeks any additional extension of that deadline, he must first ask Defendants' counsel if Defendants will agree to a further extension.

For the foregoing reasons, the Court GRANTS Stuart's motion to extend the deadline for service, Dkt. No. 64, and extends the service deadline through October 30, 2026. The Court DENIES Stuart's motion for service by the U.S. Marshals Service, Dkt. No. 65. Finally, the Court reminds Stuart that it expects him to engage in good faith with Defendants in this case.

Dated this 14th day of October, 2026.

Lauren King
United States District Judge

[1] The waiver of service form can be found here: https://www.uscourts.gov/forms-rules/forms/waiver-service-summons.